UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AUBREY TAPLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-643 NAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Aubrey Tapley's application for disability insurance benefits under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 10.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court heard oral argument in this matter on February 24, 2016. Based on the following, the Court will affirm the Commissioner's decision.

**I.  Issues for Review**

Tapley presents one issue for review. Tapley contends that the administrative law judge's (ALJ) residual functional capacity (RFC) assessment was not supported by substantial evidence, because the ALJ improperly evaluated opinion testimony, failed to give weight to the 100% disability rating given by the Veterans Administration (VA), erred in the credibility evaluation, and the hypothetical question given to the vocational expert did not capture the

concrete consequences of her impairments. Defendant contends that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## II.     Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The SSA uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's RFC to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the

criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. §§ 404.1520(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physician;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;

> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

**III. Discussion**

In this case, the ALJ found that Tapley had the severe impairments of migraine headaches, post-traumatic stress disorder (PTSD), dysthymia, insomnia, and pain disorder associated with both psychological factors and a general medical condition. (Tr. 11.)

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. RFC is a medical question. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907. In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 404.1527(b); *see also Heino*, 578 F.3d at 879. "A disability claimant has the burden to establish her RFC." *Eichelberger*, 390 F.3d at 591 (citing *Masterson*, 363 F.3d at 737).

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

The ALJ determined that Tapley had the RFC to perform light work,[2] with the following limitations: (1) avoid concentrated exposure to temperature extremes, wetness, humidity, and pulmonary irritants such as gases, fumes, odors, dust, and workspaces with poor ventilation; (2) avoid concentrated exposure to loud noise and vibrations, and (3) avoid work hazards such as unprotected heights and dangerous moving machinery. (Tr. 15.) The ALJ determined that Tapley could understand, remember and carry out simple instructions consistent with unskilled work and could tolerate occasional contact with co-workers, supervisors, and the general public. (Tr. 15.)

### A. Medical Opinion Evidence

In her first point for review, Tapley asserts that the ALJ erred in giving substantial weight to the opinion of the non-examining psychological consultant Dr. Michael Stacy and partial weight to the opinion of her treating psychiatrist Dr. Lisa Thomas. All medical opinions, whether by treating or consultative examiners are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c). Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*,

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

5

487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).

All evidence from nonexamining sources is considered to be opinion evidence. 20 C.F.R. § 404.1527(e). ALJs are not bound by any findings made by State agency medical or psychological consultants, however, state agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified and administrative law judges must consider their findings and opinions, except for the ultimate determination of disability. 20 C.F.R. § 404.1527(e)(2)(i). According to SSR 96-6p, "[a]t the administrative law judge and Appeals Council levels, RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s)." SSR 96-6p, 1996 WL 374180 (July 2, 2006). These opinions "are to be evaluated considering all of the factors set out in the regulations for considering opinion evidence." *Id.*

In making a disability determination, the ALJ shall "always consider the medical opinions in the case record together with the rest of the relevant evidence in the record." 20 C.F.R. § 404.1527(b); *see also Heino v. Astrue*, 578 F.3d 873, 879 (8th Cir. 2009). "[T]he ALJ is not qualified to give a medical opinion but may rely on medical evidence in the record."

*Wilcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008). The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion. *Pearsall*, 274 F.3d at 1217.

### 1.     Dr. Lisa Thomas

The ALJ gave partial weight to Dr. Thomas' opinion, because actual treatment visits were relatively infrequent and it appeared to have been influenced by the claimant's subjective symptoms and not the objective medical signs and findings. (Tr. 18.)  As an example the ALJ cited Dr. Thomas' statement that Tapley has memory and concentration problems as not being supported by objective findings. (Tr. 18.)  Dr. Thomas' opinion consisted of a letter to the VA, written at Tapley's request and with her assistance, to object to the lowering of Tapley's PTSD disability rating under the VA disability guidelines.  (Tr. 399-400.)  In the letter, Dr. Thomas stated that Tapley had been diagnosed with PTSD, dysthymia, insomnia, pain disorder associated with both psychological factors and a general medical condition, and bereavement.  (Tr. 399.)  Dr. Thomas wrote that "among other psychiatric symptoms, Ms. Tapley is on edge all the time, experiences day time flashbacks, and has nightmares in her sleep.  (Tr. 399.)  The letter continued, "Her husband's assistance is necessary to facilitate her in safely managing even basic day-to-day activities."  (Tr. 399.)  Dr. Thomas opined that in her clinical opinion, there was no reason to reduce Tapley's disability rating, because Tapley clearly had ongoing and significant psychiatric symptoms that limit her activities of daily living.  Dr. Thomas' treating notes indicate that Tapley suffered several deaths and crises in her family during the treatment period contained in the record.  (Tr. 302-3, 255, 398, 407, 522.)  The treating notes also indicate that Tapley

reported sleeping problems, increased dreams/nightmares, inability to go outside, memory problems (Tr. 303, 398, 407-8, 522.)

Based on the evidence in the record as a whole, the Court finds that the ALJ did not err in her evaluation of Dr. Thomas' opinion. Dr. Thomas' opinion did not include an assessment of Tapley's functional limitations in a work related setting. It is also clear from the record that the opinion letter was dictated to Dr. Thomas by Tapley. (Tr. 399-400, 406-7, 411, 413-14.) The ALJ did not err in granting partial weight to Dr. Thomas' opinion, because the ALJ gave weight to the environmental and mental limitations that were supported by Dr. Thomas' treatment notes and other evidence in the record.

### 2. Dr. Stacy

The ALJ gave significant weight to the opinion of Dr. Stacy, a state agency psychologist. Dr. Stacy reviewed Tapley's medical records and prepared a mental RFC assessment. (Tr. 78-83.) Dr. Stacy opined that Tapley was moderately limited in the ability to understand, remember, carry out detailed instructions; maintain attention and concentration for extended periods; interact appropriately with the public, accept instructions and respond appropriately to criticism from supervisors; respond appropriately to changes in the work setting; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others. (Tr. 82-83.) Dr. Stacy opined that Tapley retained the ability to understand, remember, and carry out simple instructions and she could maintain adequate attendance and sustain an ordinary routine without special supervision. (Tr. 83.) Finally, he opined that Tapley could adapt to most usual changes common to a competitive work setting. (Tr. 83.)

Tapley contends that the ALJ should not have given substantial weight to Dr. Stacy's opinion, because he is the only doctor to contradict the treating physician. The "ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough medical evidence. *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010). The ALJ's opinion credits Dr. Stacy's opinion because it was consistent with the evidence in the record, including Tapley's activities of daily living and her responses to treatment. (Tr. 18.) In this case, the ALJ did not err in granting substantial weight to Dr. Stacy's opinion, because it was consistent with the other evidence in the record as a whole. Further, the ALJ gave partial weight to Dr. Thomas' opinion where it was also consistent with the record.

### B. Disability Rating from the VA

Next, Tapley states that the ALJ failed to properly consider the dictates of Social Security Ruling 06-03p, which requires the Commissioner to consider the evidence of a disability determination by another governmental or nongovernmental agency. SSR 06-03-p, 2006 WL 2329939 at 6-7 (Aug. 9, 2006). The ALJ considered the VA's 100% disability rating for Tapley, but gave it no weight. (Tr. 22.) The ALJ correctly noted that the Social Security Administration is not bound by the VA's decision to award disability benefits. (Tr. 22.) S*ee Pelkey v. Barnhart*, 433 F.3d 575, 579 (8th Cir. 2006) (the ALJ should consider the VA's finding of disability, but is not bound by the disability rating of another agency when evaluating whether claimant is disabled for purposes of social security benefits). Social security disability determinations are based on social security law. 20 C.F.R. § 404.1504. The ALJ also correctly noted that the disability ratings contained in the record did not make a function by function assessment of Tapley's work related limitations. (Tr. 19, 254.) The VA record of her disability ratings just contains the percentages of disability that the VA assigned to her impairments. (Tr. 254.) The

ALJ also found that the percentage ratings were not fully supported by the record before the Social Security Administration. The Court finds that the ALJ properly considered the VA's disability rating and the ALJ did not err in giving the rating little weight.

### C.     Credibility

Next, Tapley contends that the ALJ erred in evaluating her credibility. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
>
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) Any precipitating or aggravating factors;
>
> (4) The dosage, effectiveness, and side effects of any medication; and
>
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.* Although an ALJ may not discredit a claimant's subjective pain allegations solely because they are not fully supported by objective medical evidence, an ALJ is entitled to make a factual determination that a claimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Although credibility determinations are primarily for the ALJ and not the

court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

The ALJ discounted Tapley's claims of severe symptoms due to her activities of daily living and lack of objective findings to support her allegations. (Tr. 16-17.) All of the factors considered by the ALJ can be considered when assessing credibility in a social security disability case. *See Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) (If an ALJ explicitly discredits a claimant's testimony and gives good reasons for doing so, deference is given to the ALJ's credibility determination); *Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Circuit 2005) (significant daily activities may be inconsistent with claims of disabling pain). A review of the entire record demonstrates that ALJ did not rely solely upon any one of the factors in the credibility analysis. Considering the combination of the factors relied upon by the ALJ, substantial evidence in the record supports the ALJ's credibility findings. Based on the foregoing, the Court finds that the ALJ's credibility determination was supported by substantial evidence in the record as a whole.

### D. Vocational Expert Testimony

Finally, Tapley states that the hypothetical question to the vocational expert did not capture the concrete consequences of her impairment and therefore, cannot constitute substantial evidence on which the ALJ can rely in support of the disability determination. "Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question." *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). A "hypothetical question posed to a vocational expert must capture the concrete consequences of claimant's

deficiencies." *Pickney*, 96 F.3d at 297. "[T]he ALJ's hypothetical question must include the impairments that the ALJ finds are substantially supported by the record as a whole." *Id.* at 296. "However, the hypothetical need only include those impairments which the ALJ accepts as true." *Grissom v. Barnhart*, 416 F.3d 834, 836 (8th Cir. 2005).

As previously stated, the Court found that the ALJ's RFC determination was supported by substantial evidence in the record as a whole. The hypothetical question included all of Tapley's limitations the ALJ found to be credible. Therefore, the hypothetical question to the vocational expert was proper and the vocational expert testimony constituted substantial evidence supporting the Commissioner's denial of benefits. *See LaCroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006).

## IV.    Conclusion

A review of the record as a whole demonstrates that Tapley has some restrictions in her functioning and ability to perform work related activities, however, she did not carry her burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 17.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 24th day of February, 2016.

                                                           /s/ Nannette A. Baker
                                                 NANNETTE A. BAKER
                                                 UNITED STATES MAGISTRATE JUDGE